UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOWIN Semiconductor Corporation,<br>#1001, 10/F, Block A5,<br>243 Science Street, HuangPu, GuangZhou<br>510700, China<br><br>      *Plaintiff,*<br>v.<br><br>U.S. DEPARTMENT OF DEFENSE,<br> 1400 Defense Pentagon<br> Washington, D.C. 20301<br><br>LLOYD J. AUSTIN III, in his official capacity as<br>Secretary of Defense,<br> 1000 Defense Pentagon<br> Washington, D.C. 20301<br><br>U.S. DEPARTMENT OF THE TREASURY,<br> 1500 Pennsylvania Avenue, N.W.<br> Washington, D.C. 20220<br><br>JANET L. YELLEN, in her official capacity as<br>Secretary of the Treasury,<br> 1500 Pennsylvania Avenue, N.W.<br> Washington, D.C. 20220<br><br>JOSEPH R. BIDEN, JR., in his official capacity as<br>President of the United States,<br> 1600 Pennsylvania Ave., NW<br> Washington, D.C. 20500<br><br>      *Defendants.* | Case No.: |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

  Plaintiff GOWIN Semiconductor Corporation, for its Complaint and against Defendants U.S. Department of Defense; Lloyd J. Austin III, in his official capacity as Secretary of Defense; U.S. Department of the Treasury; Janet L. Yellen, in her official capacity as Secretary of the

Treasury; and Joseph R. Biden, Jr., in his official capacity as President of the United States, hereby alleges:

## NATURE OF THIS ACTION

1. Plaintiff GOWIN Semiconductor Corporation ("GOWIN") brings this action for declaratory and injunctive relief pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and the Fifth Amendment to the U.S. Constitution, to challenge Defendants' unlawful designation of GOWIN as a "Communist Chinese military company" ("CCMC") under the auspices of Section 1237 of the National Defense Authorization Act for Fiscal Year 1999 ("NDAA FY99"). Pub. L. 105-261, 112 Stat. 2160 (Oct. 17, 1998) (as amended by Pub. L. 108-375 § 1222, 118 Stat. 2089 (Oct. 28, 2004)) (hereinafter "Section 1237" or "NDAA FY99 § 1237").

2. On January 14, 2021, the Trump Administration unlawfully designated GOWIN as a "Communist Chinese military company" under Section 1237 of the NDAA FY99, following a flawed administrative process that was marked by a "general lack of care" by government officials, *see Luokung Tech. Corp. v. Dep't of Defense*, No. 21-583, 2021 U.S. Dist. LEXIS 86378, at *34 n.12 (D.D.C. May 5, 2021). In so doing, the Defendants unfairly and improperly branded GOWIN as a part of the Chinese military-industrial complex—and by extension, as a potential threat to the United States—when in fact GOWIN is a privately-held global start-up with significant connections to the United States and no affiliation with the Chinese military or Chinese government.

3. Executive Order 13959, issued shortly before the designation of GOWIN as a CCMC, declared the Chinese military-industrial complex, and in particular, private Chinese companies owned or controlled by the Chinese military, to be a threat to the United States' national security, foreign policy, and economy. *See* Exec. Order No. 13959, 85 Fed. Reg. 73185,

(Nov. 12, 2020), as amended by Exec. Order 13974, 86 Fed. Reg. 4875 (Jan. 13, 2021).  To counter this declared threat, Executive Order 13959, as amended, prohibits U.S. persons from purchasing publicly traded securities (or security derivatives) of any company designated as a CCMC pursuant to Section 1237, and it requires U.S. persons to divest their holdings of public securities (or security derivatives) in any CCMC.  *Id.* § 1.

4. GOWIN is not a publicly traded company and does not offer any publicly traded securities or security derivatives.  The Department of Defense nonetheless decided, in the waning days of the Trump Administration, to punitively designate GOWIN as a CCMC, knowing and intending that such designation would publicly stigmatize the company as a potential threat to U.S. interests, to the detriment of GOWIN's global reputation, its ability to attract and retain customers and capital, and its overall commercial wellbeing and viability.

5. The Department of Defense did not explain why it designated GOWIN as a CCMC, nor did it provide any factual support for its decision.  GOWIN is completely in the dark about the ostensible basis on which it was designated.

6. GOWIN is manifestly not a CCMC within the meaning of Section 1237 of the NDAA FY99.  GOWIN is not, as required by the statute, "owned or controlled by, or affiliated with, the People's Liberation Army or a ministry of the government of the People's Republic of China," or "owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China."  NDAA FY99 § 1237(b)(4)(B).  Founded in 2014 by a group of U.S. citizens, GOWIN is a privately-held and independently managed technology manufacturing start-up that sells its products in commercial markets worldwide.  While headquartered in China, GOWIN has a global footprint and has affiliates in multiple locations, including San Jose, California, and Austin, Texas.

7. Defendants' designation of GOWIN as a CCMC, without explanation and contrary to the terms of the statute, was arbitrary and capricious and in excess of statutory authority, in violation of the APA.  5 U.S.C. § 706.  Furthermore, Defendants violated the Due Process Clause of the Fifth Amendment by failing to provide Plaintiff adequate notice and an opportunity to be heard in connection with the designation.

8. GOWIN now faces immediate irreparable harm as a result of the Defendants' unlawful designation.  Among other things, GOWIN has already suffered grave harm to its global business reputation and has already experienced a marked loss in sales revenue as a result of being unfairly branded as an arm of the Chinese military.  These losses will only continue to mount until the unlawful designation is set aside.

9. GOWIN seeks declaratory and injunctive relief against Defendants and to preliminarily and permanently enjoin Defendants from implementing or enforcing the designation of GOWIN as a CCMC.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction under 28 U.S.C § 1331 because this action arises under the United States Constitution and the APA, 5 U.S.C. § 551 *et seq.*

11. The Court has authority to grant declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.;* the APA, 5 U.S.C. § 551 *et seq.*; and the Court's inherent equitable powers.

12. Venue is proper in this district pursuant to 28 U.S.C § 1391(e)(1) because officers or employees of agencies of the United States acting in their official capacities and agencies of the United States are defendants, and because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

13. Plaintiff GOWIN is a privately held global technology start-up headquartered in Guangzhou, China, with affiliates around the world, including in the United States.

14. Defendant U.S. Department of Defense is a Department of the Executive Branch of the United States Government and an agency within the meaning of 5 U.S.C. § 551(1). On January 14, 2021, the Department of Defense designated GOWIN as a CCMC under Section 1237.

15. Defendant Lloyd J. Austin III is the Secretary of Defense and the senior official at the Department of Defense. Secretary Austin is sued in his official capacity for the actions and omissions of his predecessor.

16. Defendant U.S. Department of the Treasury is a Department of the Executive Branch of the United States Government and an agency within the meaning of 5 U.S.C. § 551(1). Executive Order 13959 required the Secretary of Defense to consult with the Secretary of the Treasury prior to designating GOWIN as a CCMC. Executive Order 13959 also permitted the Secretary of the Treasury to promulgate rules and regulations carrying out the order.

17. Defendant Janet L. Yellen is the Secretary of the Treasury and the senior official at the Department of the Treasury. Secretary Yellen is sued in her official capacity for the actions and omissions of her predecessor.

18. Defendant Joseph R. Biden Jr. is the current President of the United States. President Biden is sued in his official capacity for the actions and omissions of his predecessor.

## STATUTORY AND REGULATORY BACKGROUND

A. Section 1237 of the NDAA FY99

19. Enacted in 1998, Section 1237 of the National Defense Authorization Act for Fiscal Year 1999 directs the Secretary of Defense to identify "Chinese Communist military

companies" that directly or indirectly operate in the United States or in any of its territories or possessions. NDAA FY99 § 1237(b). The Secretary of Defense must maintain an updated list of such companies on an annual basis. *Id.*

20. Section 1237 carefully delineates the circumstances in which the Department of Defense may designate a company as a CCMC. The designation is limited to persons or entities that (i) are "owned or controlled by, or affiliated with, the People's Liberation Army or a ministry of the government of the People's Republic of China" or that are "owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China," and (ii) are "engaged in providing commercial services, manufacturing, producing, or exporting." NDAA FY99 § 1237(b).

**B. Executive Order 13959**

21. On November 12, 2020, then-President Trump issued Executive Order 13959, in which he declared a national emergency under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*, based on a finding that the "military-industrial complex" of the People's Republic of China ("PRC") posed a threat to U.S. national security, foreign policy, and economic interests. Exec. Order No. 13959, 85 Fed. Reg. 73,185 (Nov. 12, 2020), as amended by Exec. Order 13974, 86 Fed. Reg. 4875 (Jan. 13, 2021). The Executive Order uses stark language to characterize the threat posed by the Chinese military-industrial complex, declaring that it "directly threaten[s] the United States homeland and United States forces overseas." *Id.*

22. Executive Order 13959 prohibits all United States persons from transacting in "publicly traded securities, or any securities that are derivative of, or are designed to provide investment exposure to such securities" of any designated CCMC. Exec. Order 13959 § 1(a)(i)-(ii), 85 Fed. Reg. 73185 (Nov. 12, 2020). On January 13, 2021, President Trump amended

Executive Order 13959 to, among other things, require U.S. persons to divest of all publicly traded securities of any CCMC within 365 days of the date of the company's designation. Exec. Order No. 13974 § 1(c).

23. The Executive Order, as amended, defines "Communist Chinese military company" as "any person that the Secretary of Defense, in consultation with the Secretary of the Treasury, publicly lists as a Communist Chinese military company meeting the criteria in section 1237(b)(4)(B)," which "operates directly or indirectly in the United States or any of its possessions." *Id.* § 2.

24. Executive Order 13959 authorizes the Secretary of the Treasury, after consulting with the Secretary of State, the Secretary of Defense, and the Director of National Intelligence, to promulgate rules and regulations carrying out the order's purposes and to submit reports to Congress regarding the national emergency described in the order. Exec. Order 13959 § 3(a).

## FACTUAL ALLEGATIONS

**A. GOWIN Is a Privately Held Chip Manufacturer Unaffiliated with the Chinese Military or Government.**

25. GOWIN was founded in 2014 by a group of technology professionals and business executives who had come to the United States from China as university students and had since raised families and established citizenship in the United States.

26. GOWIN manufactures a certain type of integrated circuit, known as a field-programmable gate array ("FPGA"), that allows a customer to program the chip, according to their needs and with their own intellectual property, for a range of different commercial uses, including automotive, medical, and consumer applications. GOWIN's founders made the decision to headquarter the company in China in order to capitalize on favorable market conditions for the manufacture and sale of FPGA chips.

27. From the outset, GOWIN was envisioned as a global company with a global customer base. GOWIN has offices or affiliates in Mainland China, Hong Kong, Korea, Taiwan, the United Kingdom, and the United States, including in both Austin, Texas, and San Jose, California. The offices at San Jose and Austin are service centers that support GOWIN's sales operations in the Americas and conduct marketing research, product planning, application development, third-party partnership building, supply chain coordination, and project management. Both the Chief Executive Officer (CEO) and the President of GOWIN, who are U.S. citizens and lead founders of the company, work out of GOWIN's Silicon Valley office.

28. GOWIN is not owned, controlled, or otherwise affiliated with the Chinese military or any Chinese government ministry, nor is it owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China. GOWIN is controlled by a Board of Directors comprised of nine private-sector executives, two of whom are U.S. citizens (the CEO and the President). GOWIN's management team is comprised of executives and technology professions with decades of experience in the private-sector programmable logic industry. Two of the six members of GOWIN's executive team are U.S. citizens, and a third is a citizen of the United Kingdom. GOWIN has no controlling shareholders; its largest shareholder, who holds approximately 28% of the shares, is a private entrepreneur who works in the real estate development sector and has no affiliation with the Chinese government or Chinese military.

29. GOWIN prides itself on its compliance with applicable laws and regulations, including U.S. export control restrictions. The company's legal department maintains a rigorous review of purchase orders to ensure compliance with U.S. export control requirements. GOWIN also contractually requires that its distributors and sales representatives, throughout all its sales

regions (including in China), maintain compliance with U.S. and European Union export control rules.

**B. Defendants Unlawfully Designated GOWIN as a CCMC.**

30. The Department of Defense published its first list of designated CCMCs pursuant to Section 1237 on June 24, 2020, more than two decades after the enactment of Section 1237. On August 28, 2020, and December 3, 2020, the Department of Defense published two subsequent CCMC designation lists. GOWIN was not named on any of these three lists.

31. On January 14, 2021, the Department of Defense published another list, entitled "*Qualifying Entities Prepared in Response to Section 1237 of the National Defense Authorization Act for Fiscal Year 1999* (PUBLIC LAW 105-261),"[1] in which GOWIN and eight other companies were designated as CCMCs. Two of those eight companies filed suit in this Court to challenge their designations, securing preliminary injunctive relief based on a finding, *inter alia*, that the government had employed an improper construction of the CCMC statute and that its designations were likely not supported by the evidence. *See Xiaomi Corp. v. Dep't of Defense*, No. 1:21-cv-00280-RC, 2021 U.S. Dist. LEXIS 46496 (D.D.C. Mar. 12, 2021); *Luokung Tech. Corp. v. Dep't of Defense*, No. 1:21-cv-00583-RC, 2021 U.S. Dist. LEXIS 86378 (D.D.C. May 5, 2021).

32. As this Court has observed, the decision-making process that culminated in GOWIN's designation as a CCMC was rife with errors and was marked by a "general lack of care" by U.S. government officials. *See Luokung*, 2021 U.S. Dist. LEXIS 86378 at *34 n.12. The Department of Defense did not provide an explanation for why GOWIN was designated.

---

[1] Available at https://media.defense.gov/2021/Jan/14/2002565154/-1/-1/0/DOD-RELEASES-LIST-OF-ADDITIONAL-COMPANIES-IN-ACCORDANCE-WITH-SECTION-1237-OF-FY99-NDAA.PDF (last visited May 20, 2021).

The Department of Defense also did not indicate that the Secretary of Defense it had consulted with the Secretary of the Treasury about the designation, as required by Executive Order 13959.

33. GOWIN manifestly does not meet the statutory definition of a CCMC under Section 1237. GOWIN is not "owned or controlled by, or affiliated with, the People's Liberation Army or a ministry of the government of the People's Republic of China." NDAA FY99 § 1237(b)(4)(B). Nor is GOWIN "owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China." *Id.*

34. Defendants did not issue any notice to GOWIN before publishing the January 14, 2021 CCMC designation list. Nor did Defendants afford GOWIN an opportunity to be heard and respond regarding the CCMC designation. Had Defendants done so, they would have learned that GOWIN is unaffiliated with the Chinese government and military and there is no sound basis for its designation as a CCMC.

35. GOWIN is a privately held company that does not offer any publicly traded securities or security derivatives. Accordingly, the prohibition in Executive Order 13959 on buying or selling public securities does not immediately affect U.S. persons' access to GOWIN's public offerings, because it has none. The designation nonetheless constrains GOWIN's future ability to undertake an initial public offering (IPO) on a public exchange and take advantage of U.S. investment opportunities through that mechanism.

36. Moreover, even without the immediate compulsory effect of the securities divestiture requirement, the designation still has directly and foreseeably harmed GOWIN in significant ways. In designating GOWIN despite its status as a privately held company, Defendants knew and intended that the designation would stigmatize GOWIN as a part of the Chinese defense industrial base, and thereby, as a potential threat to U.S. interests and national security. Defendants also knew and intended that the designation would impair GOWIN's

reputation, sales, goodwill, and capital investment opportunities, particularly from customers and companies that do business in or with the United States.

37. In designating GOWIN without notice and without proffering any evidence in support of the decision, Defendants acted in an arbitrary and capricious manner, contrary to law, in excess of statutory authority, and in violation of Plaintiff's constitutional rights.

**C. GOWIN Will Suffer Irreparable Harm from Its CCMC Designation.**

38. GOWIN faces imminent, severe, and irreparable harm should the CCMC designation remain in force.

39. GOWIN serves customers in countries around the world, including in Asia, Europe, and the Americas. A large portion of GOWIN's customers, regardless of where they are located, target their own products to the U.S. market. For this reason, GOWIN's customers are especially attentive to the desires and expectations of U.S. regulators and are especially sensitive to any indication that a company within their supply chain has been sanctioned or otherwise singled out for approbation by the U.S. government.

40. Defendants' declaration that GOWIN is affiliated with the Chinese military, contrary to fact, has caused, and will continue to cause, harm to GOWIN's global reputation as an emerging leader in the international commercial FPGA market, leading to an appreciable loss in sales. This loss of sales is not merely hypothetical but has already begun to materialize, with an observable loss of sales as a result of the stigmatizing effect of the unsupported designation.

41. As a direct result of the unlawful designation, GOWIN has also lost access to an important third-party platform for online sales. In February 2021, one of the two primary authorized online distributors of FPGA chips ceased offering GOWIN's products on its online platform as a result of the stigmatizing effect of the CCMC designation. A senior representative

of the sales platform advised GOWIN that GOWIN would need to be removed from the CCMC list before the sales platform would resume distribution of GOWIN's products.

42. The nature of the FPGA market makes this loss of a key online distributor particularly injurious to GOWIN. FPGA is a special type of programmable chip that allows customers to develop the functionality of the chip, after purchase, using their own intellectual property. Because of this, it is vital for potential customers to be able to place small FPGA orders through online distributors, to enable them to test and develop the operability of the FPGA prior to placing a more significant order through a business-to-business transaction. GOWIN's loss of a key distributor for these sample sales has had, and will continue to have, a devastating effect on GOWIN's overall sales revenue and customer base.

43. As a relatively young start-up, GOWIN depends on sales revenue for its very survival, which Defendants' arbitrary and unlawful designation has imperiled. GOWIN does not have the financial flexibility to absorb large fluctuations in its revenue.

44. By losing U.S. and global support as a result of the CCMC designation, GOWIN has lost and will continue to lose market share to similarly situated FPGA companies, many of which are more mature and firmly established than GOWIN. As a startup company, GOWIN's growth potential, and indeed its viability, depends heavily on its ability to offer better solutions to potential customers and to expand its customer base and sales volume. The designation's impairment of GOWIN's global goodwill and access to customers has imperiled, and will continue to imperil, GOWIN's competitiveness in an already competitive market, unless and until the unlawful designation is set aside.

**CLAIMS FOR RELIEF**

**COUNT I**
**Arbitrary and Capricious Agency Action, 5 U.S.C. § 706(2)**
**(Against the Department of Defense, Department of the Treasury, Secretary Austin, and Secretary Yellen)**

45. Plaintiff realleges and incorporates the above paragraphs herein by reference.

46. The Department of Defense and the Department of the Treasury are agencies subject to the requirements of the APA. 5 U.S.C § 701(b)(1).

47. The APA provides a cause of action in federal district court for any person aggrieved by final agency action. *See* 5 U.S.C. §§ 702-704. Defendants' designation of GOWIN as a CCMC is a sanction, *see* 5 U.S.C. § 551(10), which constitutes final agency action that is reviewable by this Court. 5 U.S.C. §§ 551(13), 704.

48. The APA requires a reviewing court to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," or that is "without observance of procedure required by law." *Id.* § 706(2).

49. To satisfy the arbitrary and capricious standard, "the agency must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (*citing Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962)). If an agency "relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view of the product of agency expertise," the agency's decision is arbitrary and capricious. *Id.*

50. Defendants' designation of GOWIN as a CCMC is arbitrary and capricious because Defendants failed to articulate any explanation, reasonable or otherwise, for their decision.

51. Defendants' designation is also in excess of statutory authority and not in accordance with the law, because, in contrast to Section 1237's requirements, GOWIN is not "owned or controlled by, or affiliated with, the People's Liberation Army or a ministry of the government of the People's Republic of China" and it is not "owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China."

52. Defendants' unlawful acts are causing and will continue to cause irreparable harm to Plaintiff and third parties.

## COUNT II
### Violation of the Due Process Clause of the Fifth Amendment
### (Against All Defendants)

53. Plaintiff realleges and incorporates the above paragraphs herein by reference.

54. Under the Fifth Amendment to the United States Constitution, "[n]o person shall…be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. amend V. The Due Process Clause of the Fifth Amendment ensures that parties deprived of their property receive adequate notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 334-335 (1976).

55. As a corporate entity, GOWIN is entitled to the protections of the Due Process Clause. *See Covington & Lexington Tpk. Rd. Co. v. Sandford*, 164 U.S. 578, 592 (1896) ("[C]orporations are persons, within the meaning of the constitutional provisions forbidding the deprivation of property without due process of law, as well as a denial of the equal protection of the laws.")

56. GOWIN has substantial connections with the United States—including two U.S. affiliates and U.S.-national executives who work from the United States—which secure GOWIN the full protections of the Due Process Clause. *See Nat'l Council of Resistance of Iran v. Dep't of State*, 251 F.3d 192, 202 (D.C. Cir. 2001) (finding that a foreign organization merits due process rights when it comes within the territory of the United States and develops substantial connections with the country).

57. Designating GOWIN as a CCMC deprives GOWIN of its liberty and property rights, including its reputation and professional goodwill and its ability to effectively operate in its chosen business.

58. GOWIN received no notice of the CCMC designation, no explanation of the CCMC designation, and no notice of the materials on which the Department of Defense relied to make its designation. GOWIN did not have an opportunity to respond and be heard on the CCMC designation.

59. The CCMC designation and its accompanying restrictions are unconstitutional because they deprive GOWIN of its liberty and property rights without due process of law.

60. Defendants' unlawful acts are causing and will continue to cause irreparable harm to GOWIN and to third parties.

## COUNT III
### *Ultra Vires* Conduct in Excess of the Statutory Authority
**(Against the Department of Defense, Department of the Treasury, Secretary Austin, and Secretary Yellen)**

61. Plaintiff realleges and incorporates the above paragraphs herein by reference.

62. The Department of Defense's authority to designate companies as CCMCs derives from, and is constrained by, Section 1237 of the NDAA FY99. As set forth above, Defendants' designation of GOWIN exceeded the authority granted to them under that statute.

Accordingly, Defendants' designation of GOWIN as a CCMC was *ultra vires* and in excess of statutory authority.

63. Defendants' unlawful acts are causing and will continue to cause irreparable harm to GOWIN and third parties.

## COUNT IV
### *Ultra Vires* Conduct in Excess of the Statutory Authority, as Applied
### (Against All Defendants)

64. Plaintiff realleges and incorporates the above paragraphs herein by reference.

65. Executive Order 13959, by its terms, applies to CCMCs, which, as relevant here, are defined as "any person that the Secretary of Defense, in consultation with the Secretary of the Treasury, publicly lists as a Communist Chinese military company meeting the criteria in section 1237(b)(4)(B)" of the National Defense Authorization Act for Fiscal Year 1999, as amended, "and that operates directly or indirectly in the United States or any of its possessions." Exec. Order No. 13959, 85 Fed. Reg. 73,185, at § 4(a)(ii) (Nov. 12, 2020), as amended by Exec. Order No. 13974 § 2, 86 Fed. Reg. 4875 (Jan. 13, 2021).

66. To the extent that the CCMC sanctions are applied against GOWIN, that action exceeds the authority that Section 1237 and Executive Order 13959 grant the Executive Branch because GOWIN does not qualify for such designation under the criteria for a CCMC set forth in Executive Order 13959 or Section 1237.

67. Defendants' unlawful acts are causing and will continue to cause irreparable harm to GOWIN and third parties.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Issue a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the designation of GOWIN as a CCMC is arbitrary and capricious, an abuse of discretion, in

excess of statutory authority, and otherwise not in accordance with the law, in violation of 5 U.S.C. § 706;

(2) Issue a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the designation of GOWIN as a CCMC is unconstitutional in violation of the Fifth Amendment of the U.S. Constitution and 5 U.S.C. § 706(2)(B);

(3) Issue an order vacating and setting aside the designation of GOWIN as a CCMC, and preliminarily and permanently enjoining Defendants from implementing or enforcing that designation;

(4) Grant any other and further relief that this Court may deem just and proper.

DATED: May 21, 2021                    Respectfully submitted,

                                        /s/ Kyle R. Freeny
                                       Kyle R. Freeny, D.C. Bar 1684764
                                       Greenberg Traurig LLP
                                       2101 L Street NW, Suite 1000
                                       Washington, DC 20037
                                       Phone: 202.331.3118
                                       freenyk@gtlaw.com

                                       Michael R. Sklaire, D.C. Bar 445364
                                       Greenberg Traurig LLP
                                       1750 Tysons Boulevard, Suite 1000
                                       McLean, VA 22102
                                       Phone: 703.749.1308
                                       sklairem@gtlaw.com

                                       *Counsel to Plaintiff*
                                         *GOWIN Semiconductor Corporation*